### NORTHWAY v. FIRST NAT. BANK OF FORGAN.

No. 22260.   Sept. 18, 1934.

Miles & Miles and R. C. Eastman, for plaintiff in error.

Stacy Wells, for defendant in error.

PER CURIAM. This action was instituted in the district court of Beaver county, Okla., by Caddie B. Flint, plaintiff, in which she sought judgment against Jesse B. Lyon and Jetta D. Lyon, his wife, the First National Bank of Forgan, Okla., a corporation, and Henry H. Northway, in the sum of $8,323.27, with interest at 10 per cent. from November 10, 1929, together with costs and attorneys' fees and the sum of $40.50 abstract bill. This suit was based upon a promissory note executed by Jesse B. Lyon and Jetta D. Lyon, his wife, pay-

able to Henry H. Northway under date of November 10, 1919, and secured by a mortgage on the land described in plaintiff's petition. The defendant Henry H. Northway indorsed this note to the plaintiff, and sought judgment against the First National Bank of Forgan, Okla., alleging that the First National Bank of Forgan, Okla., assumed the payment of the original debt for which the mortgage was executed on the land by the defendants Jesse B. Lyon and Jetta D. Lyon, his wife; that on or about the 8th day of October, 1923, Jesse B. Lyon made and entered into an agreement with the First National Bank, in words and figures as follows:

"That whereas Jesse B. Lyon having filed a voluntary petition in bankruptcy after said action has been filed it was agreed between he and his creditors that he should surrender and deliver over to the First National Bank of Forgan, Okla., all of his property, subject to the payment of his debts, and the creditors to deliver over to the First National Bank of Forgan, Okla., all notes, accounts, and claims against the said Jesse B. Lyon to be by the First National Bank of Forgan, Okla., held for a period of four months after the dismissal of said bankruptcy proceedings, and, whereas, it is further agreed that the First National Bank of Forgan, Okla., is to sell and dispose of the property, so delivered to them, to be applied upon the payments of his debts. In consideration of the foregoing the First National Bank of Forgan, Oklahoma, agree to surrender to the said Jesse B. Lyon all notes, accounts and evidence of indebtedness at the expiration of four months from the dismissal of the bankruptcy proceedings."

This contract was duly signed by the First National Bank of Forgan, Okla., by J. L. Hall, cashier, and Jesse B. Lyon. Pursuant to this agreement all of the personal property and effects, including the real estate on which the mortgage was sought to be foreclosed, was turned over and transferred to the First National Bank of Forgan, and the First National Bank of Forgan paid a note to Henry H. Northway, and the defendant Jesse B. Lyon testified (case-made, page 102) in answer to this question:

"Q. What was your agreement with the bank as to retiring this note with Mr. Northway? A. My agreement was to assume the note of Northway but whatever equity I might have was to be applied to Whisenant and Nichols. I did not know that note was out. The mortgage on the land to Northway wasn't assumed by the bank."

The contract entered into between the defendant First National Bank of Forgan and the defendant Jesse B. Lyon, with reference to what the First National Bank was to do with the property turned over to it by the defendant Jesse B. Lyon, must control the liability of the bank, and oral testimony to vary the terms of that contract is not admissible, unless the terms of the contract are doubtful and need explaining. This rule of law has been adhered to in this state time and time again, and in the case of Mann v. Brady, 80 Okla. 299, 196 P. 346, the court announced this doctrine. It is clearly recited in the contract between these parties that the First National Bank of Forgan was to take this property into its charge, liquidate the indebtedness as far as it would go, and never assumed any indebtedness of any kind or character, other than specified therein, and the record conclusively shows in this case that the only obligation incurred in the contract had been paid and liquidated, and the First National Bank of Forgan, if liable at all, must be liable on an assumption of the debt by a course of conduct and action. The question is then presented, "Can an officer of a bank, after a transaction has been completed, assume to pay the debt of another without some consideration moving to the bank?" Upon this question we are very doubtful; however, the testimony of Jesse B. Lyon, a party to this contract, is to the effect that the bank did not assume the payment of the mortgage on the land. This indicates clearly to our mind that it was not the intention of the First National Bank of Forgan, nor of the defendant Jesse B. Lyon, that the bank should be liable for this mortgage debt upon the real estate at the time the contract was executed between them, but the bank was to act as trustee for the use and benefit of the creditors of Jesse B. Lyon. Upon this question, which we think is controlling in this case, there is no controversy.

The facts are all one way and the trial court was correct when it instructed the jury to return a verdict for the First National Bank of Forgan, and for the reasons stated herein, the judgment of the trial court will in all things be affirmed.

The Supreme Court acknowledges the aid of District Judge Porter Newman, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.